UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ARTIS D. LOGAN** | **CIVIL ACTION NO. 3:12-cv-3030** |
|     LA. DOC #365688 | |
| VS. | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Artis D. Logan, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on December 4, 2012. Petitioner attacks his 2009 conviction for attempted second degree murder, his adjudication as a second felony offender and the 60 year sentence imposed by Louisiana's Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Background*

Petitioner was found guilty as charged of attempted second degree murder, adjudicated a second felony offender, and sentenced to serve 60 years at hard labor without benefit of parole. He appealed his conviction and sentence to the Second Circuit Court of Appeals. On April 14, 2010, his conviction, adjudication, and sentence were affirmed. *State of Louisiana v. Artis D. Logan*, 45,136 (La. App. 2 Cir. 4/14/2010), 34 So.3d 528. Petitioner's application for writs was denied by the Louisiana Supreme Court on November 5, 2010. *State of Louisiana v. Artis D.*

*Logan*, 2010-1099 (La. 11/5/2010), 50 So.3d 812. Petitioner did not seek further review in the United States Supreme Court. [Doc. 4, ¶9(h)]

On January 7, 2012, petitioner filed a *pro se* application for post-conviction relief in the Fourth Judicial District Court. [Doc. 4-2, pp. 2-11] His application was denied by the District Court on January 13, 2012. [Doc. 4-2, pp. 12-15] His applications for writs were denied by the Second Circuit Court of Appeals on April 11, 2012 [*State of Louisiana v. Artis D. Logan*, No. 47,345-KH at Doc. 4-2, pp. 16-19] and the Louisiana Supreme Court on September 28, 2012. *State of Louisiana ex rel. Artis D. Logan v. State of Louisiana*, 2012-1087 (La. 9/28/2012), 98 So.3d 832. [Doc. 4-2, p. 20]

In a hand-written *pro se* pleading dated December 3, 2012, received by the Louisiana State Penitentiary Legal Programs Department and filed herein on December 4, 2012, petitioner requested an extension to file his petition for *habeas corpus* based on the fact that he was confined to "lock down." [Doc. 1] The pleading was construed as a deficient petition for *habeas corpus* and petitioner was directed to amend and to utilize the form provided to prisoners in this district for such filings. [Doc. 3] On December 18, 2012, petitioner submitted his petition and exhibits. [Doc. 4]

## Law and Analysis

### 1. Limitations – 28 U.S.C. §2244(d)(1)(A)

Title 28 U.S.C. §2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a 1-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review..." 28 U.S.C. §2244(d)(1)(A).¹

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period [*see Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner's judgment of conviction "became final by the ... expiration of the time for seeking ... [direct] review" [28 U.S.C. § 2244(d)(1)(A)], on or about February 3, 2011 when the ninety-day period for seeking further direct review in the United States Supreme Court expired. See Supreme Court Rule 13; *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999) (The state court judgment is not final for *habeas* purposes until the 90 day period for filing a *writ of certiorari* to

---

¹ Nothing in the record before the court suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(C), and (D)]. Petitioner implies that he is entitled to statutory tolling pursuant to §2244(d)(1)(B) or equitable tolling based on the following claims – "Due to the 2011 Louisiana State Penitentiary evacuation, due to the rising waters of the Mississippi River and area flooding [he] was evacuated and did not have access to the Legal assistance guaranteed by the Department of Corrections for a period of 120 days, thus denying him access to the court. Thus, his time went untolled due to these circumstances [and he] asks that this court consider these circumstances in calculating his one year time limitation." [Doc. 4-1, p. 8] Such claims are discussed more fully in Sections 2 and 3.

the United States Supreme Court has expired.) Since petitioner's judgment of conviction became final for AEDPA purposes on February 3, 2011, petitioner had one year, or until February 3, 2012, to file his federal *habeas corpus* suit.

Petitioner was able to toll limitations during the pendency of his application for post-conviction relief; however, a period of 337 days elapsed between February 3, 2011, the date his judgment of conviction became final under the AEDPA, and January 7, 2012, the date he filed his application for post-conviction relief in the Fourth Judicial District Court. Limitations remained tolled during the pendency of his application in the District Court, the Court of Appeals, and the Louisiana Supreme Court; however, limitations resumed on September 29, 2012, when the Supreme Court denied writs ending the collateral attack in State court. Thereafter, a period of 63 days lapsed before petitioner filed his deficient petition for habeas corpus on December 3, 2012. In other words, a period of almost 400 days elapsed un-tolled between the date that petitioner's judgment of conviction became final under the AEDPA and the date he filed his petition for habeas corpus, and therefore his petition is clearly barred by the limitations period codified at 28 U.S.C. §2244(d)(1)(A).

### 2. *Limitations – 28 U.S.C. §2244(d)(1)(B)*

Petitioner, as noted previously, implies that the limitations period should be reckoned as provided in §2244(d)(1)(B), "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action..." Petitioner suggests that his evacuation from the Louisiana State Penitentiary for a period of 120 days during the spring of 2011 was an impediment created by State action. Petitioner cannot claim statutory tolling under the facts of the case for two reasons: (1) the action of the State – the evacuation of inmates from

a potentially hazardous situation – did not violate the Constitution or laws of the United States; and, (2) that action, which occurred more than one year before he filed this petition, did not prevent the timely filing of the instant petition.

He also implies that limitations should be tolled during the period that he unsuccessfully sought to obtain free copies of the transcripts, pleadings, and exhibits associated with his trial, adjudication and conviction. Petitioner, however, cannot rely upon the pendency of his motions seeking production of documents because such motions are not considered "properly filed applications for State post-conviction or other collateral review ..." as defined by § 2244(d)(2) so as to toll the limitations period established by § 2244(d)(1). *See Boyd v. Ward*, 2001 WL 533221, *4 (E.D.La.2001); *Brisbon v. Cain*, 2000 Wl 45872, *2 (E . D.La.2000); *Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir.2002) citing *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir.1997) (motion for appointment of counsel does not toll the one-year limitation period); *See also Myers v. Cain*, 2001 WL 1218763, *4 (E.D.La., 2001).

*3. Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently,

5

and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record thus far supports equitable tolling of the statute of limitations in the instant case. It does not appear from the evidence thus far submitted that petitioner was either actively misled by the state or otherwise prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims

Nevertheless, this is a Report and Recommendation, and, as shown below, petitioner may object to this Report and he is encouraged to provide evidence and argument to support any claim of equitable tolling. It is clear that petitioner failed to diligently pursue his rights – indeed, he allowed a period of over 2 months to elapse between the date that the Supreme Court denied writs ending his collateral attack in State court and the date he filed the instant petition. Equitable tolling is not available to litigants who fail to diligently pursue relief.

### *4. Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).[2]

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, May 3, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[2] **As noted above, petitioner is encouraged to file timely objections to this Report and to provide evidence in support of any claim he may have to establish that his petition is timely or, if untimely, that he is entitled to equitable tolling of the AEDPA's limitation period.**